IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY M. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:11cv656-WKW |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 15, 2011, the plaintiff filed his complaint in this court pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying him disability benefits. On August 16, 2011, the court entered a scheduling order directing the plaintiff to file a brief no later than 40 days after the defendant filed his answer. *See* Doc. # 3. The defendant filed an answer on November 15, 2011. *See* Doc. # 9. The plaintiff's brief was due on December 27, 2011.[1] The plaintiff did not filed a brief in accordance with this court's order.

On January 10, 2012, the court ordered the plaintiff to show cause why this case should not be dismissed for want of prosecution. *See* Doc. # 10. At that time, the plaintiff was specifically advised that if he failed to file a response as required by the order, the court

---

[1] Forty days from November 15, 2011 was December 25, 2011. December 25, 2011 was a Sunday, and December 26, 2011, was a federal holiday. Accordingly, pursuant to FED.R.CIV.P. 4(b)(4), because the day for the plaintiff to file his brief fell on a Sunday, and the next weekday was a legal holiday, the plaintiff's brief was due on December 27, 2011.

would treat his failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and would dismiss this action. (*Id.*)

The plaintiff has filed nothing in response to the order of the court. He has failed to comply with the orders of this court and has failed to show cause for his noncompliance. The court therefore concludes that the plaintiff no longer wishes to prosecute this case.

## CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that this case be dismissed for the plaintiff's want of prosecution. It is further the Recommendation of the Magistrate Judge that costs of this proceeding be taxed against the plaintiff. It is

ORDERED that the parties shall file any objections to the said Recommendation on or before **February 9, 2012.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of January, 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE